UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID C. ANDREWS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE BANK, NA, et al., <br><br> Defendants. | CASE NO. C15-0428JLR <br><br> ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL |

## I.   INTRODUCTION

This matter comes before the court on pro se Plaintiffs David C. and Melinda C. Andrews' ("the Andrews") "Motion to Stay All Proceedings of this Court, pending Plaintiffs' Appeal with the Court of Appeals of the State of Washington."  (Mot. (Dkt. # 19).)  In keeping with its obligation to liberally construe pro se pleadings, *see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), the court construes the Andrews' motion as a motion under Federal Rule of Civil Procedure 62(c) for an injunction pending appeal to the Ninth Circuit Court of Appeals.  Having considered the

ORDER- 1

motion, the balance of the record, and the relevant law, the court DENIES the Andrews' motion for an injunction pending appeal.

## II.   BACKGROUND

On April 1, 2015, the court denied the Andrews' motion for a temporary restraining order, which sought to prevent Defendants from conducting a trustee's sale of the Andrews' property. (*See* 4/1/15 Order (Dkt. # 15); Mot. for TRO (Dkt. # 13).) That sale is apparently set to occur on April 10, 2015. (*See* Mot. for TRO at 1.) The Andrews then filed a motion for reconsideration, but the court denied that motion on April 7, 2015. (*See* Mot. for Reconsid. (Dkt. # 16); 4/7/15 Order (Dkt. # 18).) The Andrews now wish to appeal the court's denial of their motion for a temporary restraining order. To that end, they have filed a notice of appeal as well as the present motion. (*See* Notice (Dkt. # 20)[1]; Mot.)

The present motion asks the court to stay all proceedings in this matter pending the Andrew's appeal. (*See* Mot. at 1.) It is apparent that the object of this request is to halt the sale of the Andrews' property while their appeal is pending. (*See id.* at 1-3.) A stay would not accomplish that goal, however, because this action is not an action for foreclosure. (*See* Compl. (Dkt. # 1-1).) The court's prior rulings have not ordered the sale of the Andrews' property and so staying the effect of those rulings would not prevent

---

[1] The notice of appeal states that the Andrews are appealing the court's prior order to the Court of Appeals of the State of Washington. (*See* Notice at 1.) This court is a federal district court, however, and its orders are appealable not to the appellate courts of Washington State but, as a general matter, to the United States Court of Appeals for the Ninth Circuit. Accordingly, the Clerk has docketed the Andrews' notice of appeal as a notice of appeal to the Ninth Circuit. (*See* Dkt. # 20.)

the sale of the Andrews' property.  Only an injunction pending appeal would achieve that end.  Thus, in keeping with the court's obligation to liberally construe pro se pleadings, *see Bernhardt*, 339 F.3d at 925, the court construes the Andrews' motion as a motion for an injunction pending appeal under Federal Rule of Civil Procedure 62(c).

### III.   DISCUSSION

As a general rule, the filing of a notice of appeal divests the trial court of jurisdiction over the matters being appealed.  *Natural Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  That principal is not absolute, however, as the trial court retains "the inherent power during the pendency of an appeal to act to preserve the status quo to ensure the effectiveness of the eventual judgment."  *Foster v. SCME Mortgage Bankers, Inc.*, No. CIV. 2:10-518 WBS GGH, 2010 WL 2679943, at *1 (E.D. Cal. July 2, 2010) (citing *Sw. Marine*, 242 F.3d at 1166; *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988)).  Federal Rule of Civil Procedure 62(c) codifies this exception to exclusive appellate jurisdiction, providing in relevant part that "[w]hile an appeal is pending from an interlocutory order . . . that . . . denies an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(c).[2]  Nevertheless, Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case[.]"  *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982).

---

[2] *See also* Fed. R. App. P. 8(a)(1)(C) (providing that a party seeking an injunction pending appeal in a federal appellate court "must ordinarily move first in the district court").

ORDER- 3

In deciding whether to grant an injunction pending appeal, courts apply the same standard employed when considering a motion for a preliminary injunction or a temporary restraining order. *See Foster*, 2010 WL 2679943, at *1 (citing *Akutan*, 859 F.2d at 663; *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). As stated in the court's previous orders in this case, that standard requires the moving party to establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, the moving party may demonstrate its entitlement to a preliminary injunction by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in [its] favor," provided the moving party also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011); (*see* 4/1/15 Order at 3-4.)

For the reasons stated in the court's previous orders (*see* 4/1/15 Order; 4/7/15 Order), the Andrews have failed to show serious questions or a likelihood of success on the merits of any of their claims. The court realizes that rigid application of the success-on-the-merits requirement may make little sense in the context of a motion for an injunction pending appeal, because such an approach would mean that injunctions under Rule 62(c) would issue only if the district court concluded that it was probably incorrect

in its evaluation of the merits.  *See Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004).  Recognizing this situation, district courts have noted that an injunction pending appeal may nevertheless be appropriate when the court has ruled on "an admittedly difficult legal question," *id.*, or made "a novel interpretation of the law," *id.* (quoting *Stop H-3 Ass'n v. Volpe*, 353 F. Supp. 14, 16 (D. Haw. 1972)).  Here, the Andrews do not argue that either of those circumstances is present.  Their motion states only that they have a "meritorious claim on appeal, and have a good chance of prevailing, based on issues . . . that will be raised on appeal[.]"  (Mot. at 2.)  Further, the court concludes that its prior orders involve neither difficult legal questions nor any novel interpretations of the law.  As such, the court stands by its previous determination that the Andrews have failed to establish serious questions or a likelihood of success on the merits.  (*See* 4/1/15 Order; 4/7/15 Order.)  Therefore, the Andrews are not entitled to an injunction pending appeal.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES the Andrews' motion for an injunction pending appeal (Dkt. # 19).

Dated this 9th day of April, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 5